## ANNA FRIEDMAN v. NATHAN L. GOFFSTEIN.[1]

January 23, 1931.

No. 28,171.

*Anna Friedman,* pro se.
*Samuel Lipschultz,* for respondent.

HILTON, J.

Plaintiff appeals from an order denying her motion for a new trial.

Action to recover $10,000 damages for alleged false arrest and malicious prosecution. The jury returned a verdict for the defendant.

Plaintiff was arrested on June 7, 1928, upon complaint of defendant in which she was charged with the violation of an ordinance of the city of St. Paul making it a misdemeanor for a person to trespass upon the property of another in said city.

[1]Reported in 234 N. W. 596.

The claimed errors are: (a) Illegality in the proceeding of the court by which the plaintiff was prevented from having a fair trial and that the trial court was prejudiced and biased against the appellant; (b) that the verdict is not justified by the evidence and is contrary to law; (c) errors in the admission of testimony which prejudiced the jury against appellant; (d) refusal to grant a new trial on the ground of newly discovered evidence.

■ In 1922, while the presiding judge in this case was county attorney of Ramsey county, plaintiff brought an action against him to recover damages for false imprisonment. A demurrer to the complaint was sustained and no further proceedings had. When the instant case was called for trial that judge stated to the respective counsel that perhaps plaintiff would not care to have the action tried before him. An assurance was immediately given by attorneys for both plaintiff and defendant that there was no objection to his presiding at the trial. During the trial the files in the case above referred to were introduced in evidence and received without objection. Complaint is now made in that regard as well as to the reception of testimony evidencing the foregoing facts.

G. S. 1923 (2 Mason, 1927) § 9218, cited by plaintiff, providing that "no judge shall sit in any cause * * * if he be interested in its determination, or if he might be excluded for bias from acting therein as a juror," has no application here. A careful examination of the record discloses that the trial judge, not only in rulings on the admission of evidence but in the entire conduct of the case, was eminently fair and impartial.

■ Defendant and his partner were the owners of an apartment building in the city of St. Paul which had formerly belonged to a son of plaintiff. An action was pending for the purpose of quieting title in the owners, in which plaintiff and her son were parties defendant. Judgment for plaintiffs was entered in that action on June 10, 1928.

The evidence disclosed that on the day charged in the complaint in the present case plaintiff and her son went to the building in question, took possession of a vacant apartment therein, removed a

"For Rent" sign, told the janitor that it was their building, and notified the tenants therein to the same effect and instructed them to pay rent from that time on to plaintiff.

One of the tenants informed the defendant as to the situation. Defendant and his attorney (who died before the trial) went to the apartments and saw plaintiff, who barred them from entrance and refused to give them possession. They went to the city attorney's office at once, laid the facts before a proper assistant in that office, and asked advice. He advised that the conduct of plaintiff was in violation of the ordinance referred to and that defendant should swear out a complaint. This was done. A warrant was issued. Plaintiff was arrested at 5:30 p. m. on June 7, 1928, and held in custody until 12 o'clock noon of the next day, when she was released on bail. The trial of the case was adjourned several times.

The then attorney for plaintiff negotiated with defendant, his attorney, and the city attorney, stating that his client would at once vacate the premises and not enter therein again and asked that the prosecution be dropped. The request was granted. Under the circumstances this outcome was not such a termination favorable to plaintiff as would permit the successful maintenance of an action for malicious prosecution. Nelson v. National Cas. Co. 179 Minn. 53, 228 N. W. 437, 67 A. L. R. 509, and cases cited; 38 C. J. p. 443. As to the merits of the claim of false arrest, the evidence in this case more than justified the jury in rendering a verdict for defendant. See generally 25 C. J. pp. 444 and 445.

It does not appear that the so-called newly discovered evidence, even if here to be considered, could not have been discovered by the exercise of reasonable diligence before the trial. We have carefully considered all the propositions advanced by plaintiff in her brief and oral argument. We find no ground for reversal. Plaintiff had a fair trial and must abide by the result.

Order affirmed.